IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.
05 JUL -7 AM 6: 46

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |
|---|---|
| HELEN RICHARDSON, as Administratrix of the Estate of GEORGE RICHARDSON, JR., deceased, and as legal guardian of the Estate of TAVARES RICHARDSON, a minor,<br><br>Plaintiff,<br><br>vs.<br><br>MARION DUGDALE, M.D., et al.,<br><br>Defendants. | No. 05-2145 Ma/P |

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO AMEND COMPLAINT

### I. INTRODUCTION

Before the court is plaintiff'S Motion to Amend Complaint, filed June 20, 2005 (dkt #24). Plaintiff seeks to amend her complaint to (1) dismiss the individual claims against Dr. Buchanan and Dr. Babb; (2) "state with more particularity" a claim based upon violations of the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd, against defendants Rose M. Sayger, R.N., and Methodist Healthcare Transplant Program, LLC ("Methodist"); and (3) add a demand for punitive damages against defendants Sayger and Methodist under the EMTALA. In her Certificate of Consultation, plaintiff states that counsel for all

defendants except Sayger and Methodist do not oppose the motion. On July 5, 2005, Sayger and Methodist filed their response to the motion to amend. Defendant Sayger opposes the motion on two grounds. First, nurse Sayger contends that the motion should be denied to the extent that the proposed amended complaint seeks to bring a private cause of action under the EMTALA against her individually. She argues that because section 1395dd of the EMTALA only authorizes a plaintiff to bring a private cause of action against a hospital - and not against a physician (or in her case, a nurse) - the proposed amendment would be futile. Second, Sayger argues, as she had in her pending motion to dismiss and/or summary judgment, that she is protected from liability from suit in federal court by sovereign immunity.

For the reasons below, the motion to amend the complaint is GRANTED in part.

## II. ANALYSIS

### A. Applicable Legal Standards

Under Federal Rule of Civil Procedure 15(a), a party must obtain leave of court or consent of the other party to amend a complaint after an answer has been served. "[L]eave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Nevertheless, a court may deny a motion for leave to amend the complaint if the amendment would be futile. Yuhasz v. Brush Wellman, Inc., 341 F.3d 559, 569 (6th Cir. 2003)(citing Foman v. Davis, 371 U.S. 178, 182 (1962)). "A proposed amendment is futile

-2-

if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000)(citing Thiokol Corp. v. Dep't of Treasury, 987 F.2d 376, 382-83 (6th Cir. 1993)). Federal Rule of Civil Procedure 12(b)(6) provides that a complaint shall be dismissed if it fails to state a claim upon which relief can be granted.

When considering a Rule 12(b)(6) motion to dismiss, a court must treat all of the well-pleaded allegations of the complaint as true, Saylor v. Parker Seal Co., 975 F.2d 252, 254 (6th Cir. 1992), and must construe all of the allegations in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Any ambiguities in the complaint must be construed in favor of the plaintiff. In re Sofamor Danek Group, Inc., 123 F.3d 394, 400 (6th Cir. 1997). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

**B.   No Private Cause of Action Under the EMTALA Against Physicians**

Congress enacted the EMTALA in 1986 in response to growing concern about "the provision of adequate emergency room medical services to individuals who seek care, particularly as to the indigent and uninsured." H.R. Rep. No. 241, 99th Cong., 1st Sess. (1986), *reprinted* in 1986 U.S.C.C.A.N. 726-27. Congress was concerned that hospitals were "dumping" patients who were unable to pay, by either refusing to provide emergency medical treatment or

-3-

transferring patients before their conditions were stabilized.

42 U.S.C. § 1395dd(a) provides that if any individual comes to the emergency room of a hospital which participates in Medicare, and a request is made on the individual's behalf for examination or treatment for a medical condition, the hospital "must provide for an appropriate medical screening examination within the capability of the hospital's emergency department . . . to determine whether or not an emergency medical condition . . . exists."

If the hospital determines that the individual has an emergency medical condition, the hospital must provide either:

> (A) within the staff and facilities available at the hospital, for such further medical examination and such treatment as may be required to stabilize the medical condition, or
>
> (B) for transfer of the individual to another medical facility in accordance with subsection (c) of this section.

42 U.S.C. § 1395(b).

With respect to an aggrieved individual's private right of action, the EMTALA provides as follows:

> Any individual who suffers personal harm as a direct result of a participating hospital's violation of a requirement of this section may, in a civil action against *the participating hospital*, obtain those damages available for personal injury under the law of the State in which the hospital is located, and such equitable relief as is appropriate.

42 U.S.C. § 1395dd(2)(A) (emphasis added).

Neither the Sixth Circuit Court of Appeals nor any court in this district has considered the issue of whether there is a private

right of action under the EMTALA against physicians or nurses. However, this court has exhaustively surveyed the case authority in other circuits, and has found that every court that has addressed this issue (except for one) has held that the EMTALA does not authorize a private cause of action against a physician. See Eberhardt v. City of Los Angeles, 62 F.3d 1253, 1256 (9th Cir. 1995); King v. Ahrens, 16 F.3d 265, 271 (8th Cir. 1994); Delaney v. Cade, 986 F.2d 387, 393-94 (10th Cir. 1993); Baber v. Hosp. Corp. of America, 977 F.2d 872, 877 (4th Cir. 1992); Muzurkiewicz v. Doylestown Hosp., 223 F.Supp.2d 661, 666 (E.D. Pa. 2002); Dysart v. Selvaggi, 159 F.Supp.2d 387, 390 (N.D. Tex. 2001); Hicklin v. WBH Evansville, Inc., No. 00-0248, 2001 WL 1708827, at *2 (S.D. Ind. Dec. 14, 2001)(unpublished); Lebron v. Ashford Presbyterian Cmty. Hosp., 995 F.Supp. 241, 243-44 (D.P.R. 1998); Gerber v. Northwest Hosp. Ctr., Inc., 943 F.Supp. 571, 575-76 (D. Md. 1996); Smith v. Janes, 895 F.Supp.875 (S.D. Miss. 1995); Vickers v. Nash General Hosp., Inc., 875 F.Supp. 313 (E.D.N.C. 1995); Reynolds v. Mercy Hosp., 861 F.Supp. 214 (W.D.N.Y. 1994); Gatewood v. Washington Corp., 933 F.2d 1037, 1040 n.1 (D.C. Cir. 1991); Jones v. Wake County Hosp. Sys., Inc., 786 F.Supp. 538, 545 (E.D.N.C. 1991); Deberry v. Sherman Hosp. Ass'n, 775 F.Supp. 1159 (N.D. Ill. 1991); Lavignette v. West Jefferson Medical Ctr., No. 89-5495, 1990 WL 178708, at *2 (E.D. La. Nov. 7, 1990)(unpublished). But see Sorrells v. Babcock, 733 F.Supp. 1189, 1193 (N.D. Ill. 1990)(interpreting version of the EMTALA in effect prior to 1990

amendments).

This court agrees with these cases, and likewise concludes that the EMTALA does not authorize a private cause of action against a physician, or in this case, a nurse. This conclusion is entirely consistent with the plain language of the EMTALA. See generally Chevron USA, Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-43 (1984). It is also consistent with the legislative history of the EMTALA, which "evinces a clear Congressional intent to bar individuals from pursuing civil actions against physicians." Eberhardt, 62 F.3d at 1256 (citing H.R. Rep. No. 241, 99th Cong., 1st Sess. (1986), reprinted in 1986 U.S.C.C.A.N. 728); see also Baber, 977 F.2d at 877.[1]

### III. CONCLUSIONS

For these reasons, the motion to amend the complaint is GRANTED in part. Plaintiff may file, within seven (7) days from the date of this order, her amended complaint consistent with this order.

IT IS SO ORDERED.

TU M. PHAM
United States Magistrate Judge

July 6, 2005
Date

---

[1] Based on this conclusion, the court need not rule on Sayger's sovereign immunity argument.

-6-

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 34 in case 2:05-CV-02145 was distributed by fax, mail, or direct printing on July 12, 2005 to the parties listed.

---

Joseph M. Rogers
HALE FOGLEMAN & ROGERS
108 Dover Road
P.O. Box 1666
West Memphis, AR 72303

Effie Vanzola Bean
THOMASON HENDRIX HARVEY JOHNSON & MITCHELL
40 S. Main St.
Ste. 2900
Memphis, TN 38103--552

W. Bryan Smith
THE COCHRAN LAW FIRM
One Commerce Square
26th Floor
Memphis, TN 38103

Charles C. Harrell
BUTLER SNOW O'MARA STEVENS & CANADA, PLLC
6075 Poplar Ave.
Ste. 500
Memphis, TN 38119

Charles F. Morrow
BUTLER SNOW O'MARA STEVENS & CANADA, PLLC
6075 Poplar Ave.
Ste. 500
Memphis, TN 38119

Buckner Wellford
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Albert C. Harvey
THOMASON HENDRIX HARVEY JOHNSON & MITCHELL
40 S. Main St.
Ste. 2900
Memphis, TN 38103--552

Honorable Samuel Mays
US DISTRICT COURT